**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HENRY ANTHONY
WASHINGTON BROWN,**

    **Plaintiff,**

**vs.**                        **Case No. 4:22-CV-00287-MW-MAF**

**RON DESANTIS, Governor,
State of Florida,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Henry Anthony Washington Brown, a non-prisoner proceeding *pro se*, submitted a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion requesting leave to proceed *in forma pauperis* (IFP) ECF No. 2, which is due to be denied. After initial review, the undersigned recommends that this case should be dismissed as frivolous and duplicative of Case No. 4:22-cv-00286-RH-MJF, Brown v. Fla. Dep't of Children and Families, et al.[1]

---

[1] Plaintiff used variations of his name to initiate numerous federal cases raising claims related to his state child dependency and criminal cases. This is verified by comparing addresses, phone numbers, IFP motions, and sufficiently similar or identical fact patterns alleged in the various complaints. Plaintiff's federal litigation history is outlined in Section III below.

**I. Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A *pro se* complaint may, therefore, be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. at 521 (internal citation omitted).

A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the

speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Ordinarily, a *pro se* plaintiff must be allowed at least one opportunity to amend his complaint before his case is dismissed with prejudice. See Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). Still, federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). It is within the Court's power to protect against a plaintiff's vexatious litigation. See Chambers v.

NASCO, Inc., 501 U.S. 32 (1991). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case that is duplicative warrants dismissal.

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues Ron DeSantis, governor of Florida; Leon County Sheriff Walt McNeil; Leon County Judge Anthony Miller; and John Dailey, mayor of Tallahassee. ECF No. 1. Allegedly, the sheriff's department refused to investigate Plaintiff's allegations of the abuse of his children and denied Plaintiff access to evidence resulting in an unfair trial. Id., p. 8. Plaintiff claims Judge Miller abused his authority during Plaintiff's trial and violated his civil rights. Id. Plaintiff also claims the governor and mayor are vicariously liable for the wrongful acts of state agencies. Id. As a preliminary matter, the complaint is legally insufficient for several reasons.

First, claims pursued under a theory of vicarious liability, "liability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook

ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff has not established that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Plaintiff identifies no custom, policy, or practice.

Second, Plaintiff's allegations present no facts to support his claims against the named defendants. Ultimately, Plaintiff's narrative amounts to a set of legal conclusions and fails to attribute acts or omissions to each named defendant. See Iqbal, 556 U.S. at 681. While ordinarily Plaintiff might be afforded the opportunity to amend, in the interest of judicial economy, this case should be dismissed because Plaintiff's set of facts is the same as those presented in Case No. 4:22-cv-00286-RH-MJF, which remains pending albeit against different defendants.

Summarizing Plaintiff's allegations, on October 17, 2020, Plaintiff learned that relatives abused his children and exploited them by way of a child pornography scheme. Id., p. 7. Law enforcement arrested Plaintiff,

confiscated his electronic devices, and removed the children from the home.[2] Id. Eventually, a dependency proceeding ensued on April 14, 2021, before Judge Miller, and resulted in placing the children with the same relatives. Id. Plaintiff is denied access to the children. Id. Plaintiff alleges the Department of Children and Families (DCF) did not follow their guidelines or Florida statutes because it engages in racial and sexual discrimination. Id. Plaintiff alleges the state tampered with evidence and a witness, falsified documentation, and denied him due process. Id., p. 8. Plaintiff claims DCF abused his parental rights and violated his civil rights. Id. According to Plaintiff, Judge Miller, Governor DeSantis, and Mayor Dailey are responsible for the abuses because there is no institutional control. Id.

Plaintiff seeks the immediate return of his children, an official inquiry into Judge Miller and Sheriff McNeil, and $100 million dollars in punitive damages. Id., p. 9. *Sua sponte* dismissal is appropriate here because this complaint is nearly identical to the one Plaintiff filed in this Court as Case No. 4:22-cv-00286-RH-MJF. Plaintiff is no stranger to the federal courts. A brief discussion of Plaintiff's litigation history is warranted because, although,

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's pending criminal case in Leon County Case No. 2020CF002768 charging him with child abuse. The case was initiated on October 18, 2020, the day after Plaintiff alleged relatives abused his children.

Case No. 4:22-CV-00287-MW-MAF

this case is duplicative, it is also frivolous. This is true when considering the numerous directives issued by the Court.

## III. Plaintiff's Litigation History

### A. Plaintiff's Civil Rights Cases filed in 2017

In 2017, Plaintiff filed two closely related civil rights cases. As "Henry Brown," Plaintiff initiated Case No. 4:17-cv-00028-MW-CAS against DCF; Tiffiny Jones, a case investigator; Dr. Kline; and then-governor, Rick Scott. Plaintiff sought to reverse a state court judgment because false documents were filed in the family law case against him, a witness committed perjury, and the judge was unfair. See Case No. 4:17-cv-00028-MW-CAS, ECF Nos. 1, 4. The Court identified certain deficiencies, namely, lack of subject matter jurisdiction and absolute immunity, and ordered Plaintiff to amend and properly complete the IFP motion. ECF No. 4.

At the same time, Plaintiff initiated another case, this time as "Henry A. Brown," against Leon County Judge Jonathan Sjostrom. See Case No. 4:17-cv-00029-MW-CAS. Plaintiff challenged the family court ruling as violative of his right to Due Process. Id., ECF No. 1, 4. Again, the Court ordered Plaintiff to properly complete the IFP form and advised that the complaint was deficient based on absolute immunity and lack of jurisdiction. The Court dismissed both cases for failure to prosecute and comply with court orders.

Plaintiff never complied with the requirement to file an amended complaint and a proper IFP motion or to pay the requisite filing fee.

B. <u>Plaintiff's Civil Rights Cases Filed in 2021</u>

In May 2021, Plaintiff repeated his pattern and initiated four civil rights cases in rapid succession, this time as "Henry Anthony Washington Brown." Plaintiff initiated Case No. 4:21-cv-203-RH-MAF (ECF No. 1) and sued the Tallahassee Police Department and "911 Dispatch" alleging officers failed to arrest his ex-wife for domestic violence because he is a Black man. Plaintiff was granted IFP status and was ordered to amend the legally deficient complaint. Case No. 4:21-cv-203-RH-MAF, ECF No. 4. The Court explained the complaint was not signed, he lacked standing to compel an investigation, and intuitive beliefs were not a sufficient basis for constitutional claims based on racial or gender discrimination. <u>Id.</u>

In Case No. 4:21-cv-204-AW-MAF (ECF No. 1), Plaintiff sued the Leon County Detention Center alleging "unlawful detention" because the jail forgot to release him after posting bond. Plaintiff was granted IFP status and was ordered to amend. Case No. 4:21-cv-204-AW-MAF, ECF No. 4. Specifically, Plaintiff was advised against submitting shotgun pleadings and of the likelihood of dismissal based on respondeat superior and other reasons. <u>Id.</u>

Case No. 4:22-CV-00287-MW-MAF

In Case No. 4:21-cv-205-MW-MAF (ECF No. 1), Plaintiff again sued DCF raising claims related to the dependency hearing held on April 14, 2021, alleging his children were victims of child pornography and their refusal to investigate his allegations due to racial and sexual discrimination. This is identical to the instant case. Plaintiff sought the same relief: an investigation, removal of the children from the relative's custody, and punitive damages. Plaintiff was granted IFP status and advised of the deficiencies in the complaint: his allegations were conclusory, Eleventh Amendment immunity applied, and he lacked standing to seek an investigation. Case No. 4:21-cv-205-MW-MAF, ECF No. 4.

In Case No. 4:21-cv-00218-WS-MAF (ECF No. 1), Plaintiff sued DCF, the Leon County Sheriff's Office, "Guardian ad Litem," the Florida Community Law Center, and Jaquetta Johnson. Like the other cases and the instant case, Plaintiff alleged tampering with evidence and a witness and conspiracy to falsify legal documents. Notably, Plaintiff was advised that he could not pursue two cases at the same time against the same Defendants if those cases were based on the same events, facts, or issues, or if the case was redundant. Case No. 21-cv-00218-WS-MAF, ECF No. 4.

In all of the 2021 cases, Plaintiff ignored the Court's orders; so, the Court dismissed the cases for failure to prosecute and failure to comply.

### C. Plaintiff's Civil Rights Cases Filed in 2022 are Nearly Identical

In July 2022, Plaintiff repeated his pattern of initiating duplicative civil rights cases at the same time: the instant case and Case No. 4:22-cv-00286-RH-MJF (a lower assignment number). The statement of facts and the relief Plaintiff seeks in the two cases are identical. Plaintiff used the name "Henry Brown" in Case No. 4:22-cv-00286-RH-MJF (ECF No. 1) and sued DCF; Elizabeth Brown, a case manager; and Diana Aguila Sinisterra. The only differences between the two cases are the names of the defendants and, of course, the variation of Plaintiff's name. The Court denied Plaintiff's motion to proceed IFP and ordered him to pay the $402 filing fee. Case No. 4:22-cv-00286-RH-MJF, ECF No. 4. That case remains pending.

### IV.   Discussion

In six cases, this Court issued orders directing Plaintiff on the proper course of filing civil rights complaints, advised him of the prohibition on shotgun pleadings and lack of standing, and warned against duplicative filings. In all cases, Plaintiff ignored the Court's orders.

Plaintiff had sufficient opportunity to amend the complaint in the duplicative case to include the defendants named in the instant case if he so chooses. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in the same action only if, first, "any right to relief

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate.

Here, the facts of the cases and the relief Plaintiff seeks are identical to Case No. 4:22-cv-00286-RH-MJF. "Repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious" and may be considered as abusive. Bailey v. Johnson, 846 F.2d 1019 (1988). Moreover, because the Court previously warned Plaintiff against this litigation tactic, it is appropriate to dismiss this case as frivolous, malicious, or abusive. Plaintiff is further advised that vexatious litigation may result in sanctions by the Court. A plaintiff may have a good faith basis for pursuing a claim, but if his conduct and abuse of the judicial system is tantamount to bad faith, sanctions may be appropriate. Cordoba v. Dillard's, Inc., 419 F. 3d 1169, 1178 (11th Cir. 2005). Plaintiff's name variations suggests it is a tactic he uses to avoid the detection of duplicative cases.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** as frivolous and duplicative of Case No. 4:22-cv-00286-RH-MJF; and that the case be **CLOSED**.

Plaintiff's motion to proceed IFP, ECF No. 2, is **DENIED** because based on Plaintiff and his spouse's reported income and expenses. Plaintiff can pay the $402 fee.

**IN CHAMBERS** at Tallahassee, Florida on August 8, 2022.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).